SEABORN WADFORD, plaintiff in error, *vs.* ROBERT RHODES, defendant in error.

The evidence being conflicting, and inasmuch as the Court refused to allow the defendant to be recalled to prove a fact inadvertently omitted, the discretion of the Court below in granting a new trial will not be controlled.

New trial. Practice. Before Judge GOULD. City Court of Augusta. February Term, 1873.

Wadford brought complaint against Rhodes for $720 00, the balance due upon an account for cantaloupes sold, after allowing credit of $100 00. The defendant pleaded the general issue. The real defense relied upon was that the defendant purchased the cantaloupes for a man by the name of Bryant, disclosing the name of his principal at the time of the contract. Upon this point the testimony was exceedingly conflicting.

It appeared that on the day of the last shipment of cantaloupes, $100 00 was paid to plaintiff on the account, but whether by defendant or Bryant the evidence is again conflicting. The plaintiff testifies that the payment was made by defendant, but Bryant states that the money, though taken from defendant's drawer in his office, belonged to him, Bryant.

Pending the concluding argument of plaintiff's attorney, a controversy having arisen as to the proof upon the point as to in whose money the above payment was made, counsel proposed to recall defendant to show by him that it was Bryant's money, stating that he had been of the opinion that such proof had been made, and that his failure to interrogate the defendant upon this point was an inadvertent omission. This the Court refused to permit, and defendant excepted.

The jury returned a verdict for the plaintiff for $545 68. The defendant moved for a new trial on the ground of the above exception, and because the verdict was contrary to the law and the evidence. The motion was sustained, and a new trial ordered; whereupon the plaintiff excepted.

JOHN T. SHEWMAKE, for plaintiff in error.

HOOK & GARDNER, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiff against the defendant to recover the value of a lot of cantaloupe melons. On the trial of the case, the jury found a verdict for the plaintiff.

A motion was made for a new trial, on the ground that the verdict was contrary to the charge of the Court, contrary to the weight of the evidence, and because the Court refused to allow the defendant to be recalled during the argument of the case to prove whose money the $100 00 was in the drawer, given in part payment for the melons, the defendant's counsel stating that he thought he had proved that fact, but as it seemed he had not, the omission was inadvertent, and he desired then to be permitted to make the proof. The Court granted the new trial; whereupon the plaintiff excepted.

The main question in the case, was whether the plaintiff sold the melons to the defendant on his own account or as the agent of another party, and whether the name of the other party was disclosed to the plaintiff by the defendant at the time of the sale. On this point the evidence was conflicting. In view of the evidence disclosed in the record, and inasmuch as the Court refused to allow the defendant to be recalled to prove the fact inadvertently omitted, as before stated, we will not control the discretion of the Court below in granting the new trial in this case.

Let the judgment of the Court below be affirmed.